REYNOLDS *v.* ROOSEVELT.

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

1. MASTER AND SERVANT—SERVICES TO THIRD PERSON.

A servant cannot recover against his master's brother for services rendered the latter while staying at the master's house, where it appears that he was employed to serve the master and his family generally, and that his services for the brother were trivial, and there is only vague evidence that the brother promised to pay therefor, and no evidence that the master consented to his serving another.

2. EVIDENCE—CONVERSATIONS WITH THIRD PERSONS.

The servant cannot testify in his own behalf as to a material conversation which he had with the master in the brother's absence.

Appeal from Suffolk county court.

Action by John Reynolds against John E. Roosevelt for services rendered to defendant as coachman and hostler. Plaintiff alleged that he was employed by defendant's brother, Robert B. Roosevelt, but only to care for four horses and carriages, and that when defendant came to stay with him, he agreed to pay plaintiff well if he would also take charge of his horses and carriages. Defendant denied having agreed so to do. Verdict for plaintiff, and from the judgment thereon, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Joseph M. Main,* (*Benjamin W. Downing,* of counsel,) for appellant. *Wilmot M. Smith,* for respondent.

PRATT, J. On the plaintiff's examination in his own behalf, he was allowed to testify to a conversation between himself and R. B. Roosevelt, Jr., in the absence of defendant. The conversation was important, if credited by the jury, and was properly objected and excepted to. Its reception was an error which requires a reversal of the judgment.

Irrespective of that error, the judgment should not be allowed to stand. An examination of the plaintiff's testimony shows his claim to be without merit. It abundantly appeared from his own testimony that his employment was general, and that he was to give his whole time and services to his employer, Mr. Roosevelt, Sr., and his family. It is entirely clear that his duties were rendered to all the members of the family, indiscriminately. When closely pressed on cross-examination, the triviality of the services for which he now seeks compensation was apparent. There is no evidence that the original employer consented that his servant should enter the service of another. For any service to an outside party which plaintiff rendered for a consideration, the master, and not the servant, would be entitled to recover. The evidence of a promise to pay for the work specially by defendant was too vague to sustain a recovery, while an agreement to pay for services ordinarily gratuitous should be clear and unmistakable. Upon the whole case, it is plain that the plaintiff did not establish a cause of action, and a verdict for defendant should have been directed. Judgment reversed.